Nos. 08-4241, 08-4243, 08-4244 (consol.)

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF CHICAGO and VILLAGE OF OAK PARK, <br><br> Defendants-Appellees. | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> Nos. 1:08-CV-03696 <br> 1:08-CV-03697 <br><br> The Honorable <br> Milton I. Shadur, <br> Judge Presiding. |
| OTIS MCDONALD, et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF CHICAGO, <br><br> Defendant-Appellee. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 1:08-CV-03645 <br><br> The Honorable <br> Milton I. Shadur, <br> Judge Presiding. |

**CIRCUIT RULE 54 STATEMENT BY THE CITY OF CHICAGO AND THE VILLAGE OF OAK PARK**

The City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, and the Village of Oak Park, by its attorney, Raymond L. Heise hereby submit, pursuant to this court's order of August 2, 2010, and 7th Cir. R. 54, this statement of its position regarding the action that should be taken by this court on remand from the United States Supreme Court:

1. This appeal involves three lawsuits challenging various restrictions that Chicago and Oak Park ordinances placed on the possession of firearms, including the prohibition of most handguns. Two cases were filed by the National Rifle Association of America, Inc., and several individuals (collectively, "NRA"): one against Chicago, and the other against Oak Park. The third case was filed against Chicago by Otis McDonald, along with several other individuals, the Second Amendment Foundation, and the Illinois State Rifle Association (collectively, "McDonald"). In all three cases, the district court ruled that the Second Amendment does not apply to state and local governments and granted judgment on the pleadings to Chicago and Oak Park. The NRA and McDonald appealed all three cases, and the appeals were consolidated. This court affirmed the district court.

2. The NRA and McDonald filed two separate petitions for writ of certiorari to the United States Supreme Court. On September 30, 2009, McDonald's petition was granted. On June 28, 2010, the Court reversed the judgment of this court and remanded for further proceedings. See slip op. 44-45. A majority of the Court held that state and local governments are limited by the Second Amendment. Justice Alito, in an opinion joined by three other Justices, held that "the right to possess a handgun in the home for the purpose of self-defense" is "fundamental from an American perspective," and thus "the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment right recognized in [District of

2

Columbia v.] Heller, [128 S. Ct. 2783 (2008)]." Id. at 44.  Nonetheless, Justice Alito noted that while the Second Amendment limits the States, the right to possess a handgun in the home "is not 'a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose,'" id. at 39, and the Second Amendment does not "imperil every law regulating firearms," id. at 40, or eliminate the "ability to devise solutions to social problems that suit local needs and values," id. at 38.  Justice Thomas wrote a separate opinion concurring in the judgment, rejecting incorporation under the Due Process Clause but concluding that the Second Amendment is incorporated by the Fourteenth Amendment's Privileges or Immunities Clause.  See id. at 1 (Thomas J., concurring in the judgment).  Neither opinion ruled on the constitutionality of Chicago's firearms restrictions.

3. On June 29, 2010, the Court entered an order granting NRA's petition for writ of certiorari, and remanding to this court in light of its judgment in McDonald.

4. On July 2, 2010, the Chicago City Council passed an ordinance repealing Chicago's handgun ban and amending various other ordinance provisions relating to the ownership, possession, and registration of firearms in Chicago.  See Chicago City Council, Journal of Proceedings, July 2, 2010, at 96235.  Under this ordinance, Chicago residents may lawfully possess handguns in their homes if they obtain a valid Chicago Firearms Permit and register each handgun.  On July 19, 2010, Oak Park also passed an ordinance repealing its handgun ban.  See Village of Oak Park Ordinance No. 2010-O-47.

5. Because the handgun bans have been repealed, the challenges by both McDonald and NRA to the former ordinances are moot. In addition to the handgun ban, McDonald challenged other firearms restrictions formerly imposed by Chicago, including annual and pre-acquisition registration requirements and the penalty of unregisterability for failure to comply with those requirements. Each of these provisions has been repealed and replaced with a revised comprehensive registration scheme. Therefore, all claims that McDonald raised in the operative complaint are moot. The NRA's equal protection challenges to certain exceptions to the former handgun bans in Chicago and Oak Park's former ordinances are moot as well. Since the ordinances at issue in this case no longer exist, this court lacks jurisdiction over the plaintiffs' claims for injunctive relief. See Zessar v. Keith, 536 F.3d 788, 793 (7th Cir. 2008) (citation omitted). Accordingly, the case should be remanded to the district court for further proceedings, including the plaintiffs' claims for attorney's fees.

6. Moreover, even leaving mootness issues aside, these cases were dismissed at the pleadings stage, so they should be remanded for amendment, additional discovery and further proceedings.

Respectfully submitted,

| | |
|---|---|
| MARA S. GEORGES<br>Corporation Counsel<br>  of the City of Chicago | RAYMOND L. HEISE<br>Village Attorney<br>  of Oak Park |
| _____<br>SUZANNE M. LOOSE<br>Assistant Corporation Counsel<br>30 North LaSalle Street, Suite 800<br>Chicago, Illinois 60602<br>(312) 744-8519 | _____<br>RANJIT HAKIM<br>Mayer Brown LLP<br>71 South Wacker Drive<br>Chicago, Illinois 60606<br>(312) 782-0600 |
| Counsel for Chicago | Counsel for Oak Park |

# CERTIFICATE OF SERVICE

I certify that I served the Circuit Rule 54 Statement of the City of Chicago and Village of Oak Park by placing copies in envelopes with sufficient postage affixed and directed to the persons named below at the addresses indicated, and depositing the envelopes in the United States mail on August 23, 2010.

*MYRIAM ZRECZNY KASPER, Attorney*

Persons served:

Alan Gura
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314

Stephen P. Halbrook
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030

Stephen A. Kolodziej
Brenner, Ford, Monroe & Scott, Ltd.
33 North Dearborn St., Suite 300
Chicago, IL 60602

David G. Sigale
Law Firm of David G. Sigale, P.C.
Corporate West I
4300 Commerce Court, Suite 300-3
Lisle, IL 60532

William N. Howard
Freeborn & Peters, LLP
311 S. Wacker Dr., Suite 3000
Chicago, IL 60606

Marc Kadish
Alexandra Elaine Shea
Ranjit Hakim
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606

U.S.C.A. – 7th Circuit
R E C E I V E D
AUG 23 2010  RJT
GINO J. AGNELLO
CLERK