*(handwritten signature)*

*(stamp) U.S.C.A. – 7th Circuit RECEIVED AUG 23 2010 GW GINO J. AGNELLO CLERK*

No. 08-4244

In The United States Court of Appeals
for the Seventh Circuit

OTIS MCDONALD, ADAM ORLOV, COLLEEN LAWSON,
DAVID LAWSON, SECOND AMENDMENT FOUNDATION, INC.,
AND ILLINOIS STATE RIFLE ASSOCIATION,

Plaintiffs-Appellants,

v.

CITY OF CHICAGO,

Defendant-Appellee.

*(stamp) U.S.C.A. – 7th Circuit FILED AUG 23 2010 RMS GINO J. AGNELLO CLERK*

*(stamp) DATE OF DECISION JUN – 9 2009*

Appeal from a Judgment of the United States District Court
for the Northern District of Illinois
The Hon. Milton I. Shadur, Senior District Judge
(No. 08-C-3645)

## CIRCUIT RULE 54 STATEMENT

David G. Sigale*
Law Firm of David G. Sigale, P.C.
4300 Commerce Court, Suite 300-3
Lisle, IL 60532
630.452.4547/630.596.4445

Alan Gura
Gura & Possessky, PLLC
101 N. Columbus St., Ste. 405
Alexandria, VA 22314
703.835.9085/703.997.7665

*Counsel of Record

*(handwritten) 6/2/09*

*(handwritten) fhe, wjb, rap*

CORPORATE DISCLOSURE STATEMENT
Fed. R. App. Proc. 26.1, Circuit Rule 26.1

(1) The full name of every party that the attorney represents in the case
(if the party is a corporation, you must provide the corporate disclosure
information required by Fed. R. App. P 26.1 by completing item #3):

Otis McDonald, Adam Orlov, Colleen Lawson, David Lawson,
Second Amendment Foundation, Inc., Illinois State Rifle
Association

(2) The names of all law firms whose partners or associates have
appeared for the party in the case (including proceedings in the district
court or before an administrative agency) or are expected to appear for
the party in this court:

Gura & Possessky, PLLC
Law Firm of David G. Sigale, P.C.

(3) If the party or amicus is a corporation:

i) Identify all its parent corporations, if any; and

None.

ii) list any publicly held company that owns 10% or more of the
party's or amicus' stock:

None.

David G. Sigale

## CIRCUIT RULE 54 STATEMENT

The Complaint in this action sought declaratory and injunctive relief

barring enforcement of several City of Chicago ordinances as

unconstitutional under the Second and Fourteenth Amendments,

pursuant to 42 U.S.C. § 1983. The challenged ordinances enacted:

- A handgun ban;

- A re-registration requirement for the possession of firearms, including an annual tax component;

- A requirement that all firearms be registered prior to their acquisition; and

- A non-registrability penalty attaching to any firearm whose registration lapses, or which is acquired prior to registration.

The District Court declined to order Defendant-Appellee to brief an

opposition to Plaintiffs' summary judgment motion. Accordingly, this

Court lacks a complete record for review.[1] The judgment below must be

vacated, and the case remanded to the District Court for further

---

[1]*Compare with Parker* v. *District of Columbia*, 478 F.3d 370, 401 (D.C. Cir. 2007) ("[s]ince there are no material questions of fact in dispute, the district court is ordered to grant summary judgment to Heller consistent with the prayer for relief contained in appellants' complaint"), *aff'd, sub nom District of Columbia* v. *Heller*, 128 S. Ct. 2783, 2822 (2008).

1

proceedings, so that Plaintiffs may be heard on their unresolved claims
against Defendant, including one claim renewed by the Supreme
Court's judgment: Plaintiffs' request for attorneys fees and costs
pursuant to 42 U.S.C. § 1988.[2]

* * *

Although the City has amended its gun ordinances, the amendments
have not fully resolved the issues in Plaintiffs' Complaint. For example,
the pre-acquisition ban and non-registrability penalty, albeit relaxed,
are still in effect.

Most significantly, the new ordinance requires that residents wishing
to possess a firearm obtain a Chicago Firearms Permit. Chi. Mun. Code
§ 8-20-110. The fee for this permit is $100.00 payable every three years,
although retired Chicago police officers are exempt from the fee
requirement. Chi. Mun. Code § 8-20-130.

---

[2]The Supreme Court also reversed the Second Circuit's opinion in
the companion case of *Maloney* v. *Rice*, and remanded that case for
further consideration in light of the outcome in this case. Supreme Ct.
No. 08-1592 (June 29, 2010). On August 13, 2010, the Second Circuit
vacated the district court's judgment in that case and remanded the
matter for further proceedings. *Maloney* v. *Rice*, Second Cir. No. 07-
0581-CV (Aug. 13, 2010).

2

Coupled with the fact that the city now separates this fee from nominal gun registration fees, Chi. Mun. Code § 8-020-150 ($15 per firearm), the new regulatory scheme is in arguably worse form than that first challenged by the Plaintiffs, clearly imposing a high recurring tax on the exercise of Second Amendment rights—practically unknown in the United States—disconnected from the administration of a regulatory program. The re-registration requirement remains irrational, although the standard by which this requirement would be judged is higher.

The fee and re-registration requirements impose significant hardship on many City residents, including many members of Plaintiffs SAF and ISRA. The Court should maintain Plaintiffs' ability to continue challenging these practices on remand.

Additionally, the District Court should logically be the court that considers, in the first instance, Plaintiffs' Section 1988 motion. There is no Section 1988 record for this Court to evaluate, and the parties might well choose to accept the District Court's determination of that matter.

3

Finally, to the extent the parties might disagree about the future course of this litigation, that, too, is a matter best left for determination by the District Court, pursuant to the Federal Rules of Civil Procedure, considering the fact that this case was initially dismissed only on the grounds that the Second Amendment did not apply to Defendant. Application of constitutional standards, in the first instance, is best left to the District Court if the facts are undeveloped and, in particular, when an amendment to the complaint appears advisable. This Court should not limit the District Court's ability to conduct further proceedings.

Dated: August 23, 2010

Respectfully submitted,

David G. Sigale

David G. Sigale*
Law Firm of David G. Sigale, P.C.
4300 Commerce Court, Suite 300-3
Lisle, IL 60532
630.452.4547/630.596.4445

Alan Gura
Gura & Possessky, PLLC
101 N. Columbus St., Ste. 405
Alexandria, VA 22314
703.835.9085/703.997.7665

*Counsel of Record

4

CERTIFICATE OF SERVICE

On this, the 23rd day of August, I served true and correct copies of the foregoing Circuit Rule 54 Statement on the following by First Class United States Mail, postage prepaid:

Suzanne M. Loose
City of Chicago Department of Law
Appeals Division
30 North LaSalle Street, Suite 800
Chicago, IL 60602

Stephen A. Kolodziej
Brenner, Ford, Monroe & Scott, Ltd.
300 South Dearborn Street, Suite 300
Chicago, IL 60602

This Statement was also filed this day via hand delivery to the Clerk's Office.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 23rd day of August, 2010

David G. Sigale